**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-6740

RONALD WAYNE SPANN,

Plaintiff - Appellant,

v.

FRANK PERRY, Secretary of NCDPS, sued in his individual and official capacity; GEORGE T. SOLOMON, Director of NCDPS, sued in his individual and official capacity; PAULA SMITH, Dr., Director of Medical Services NCDPS, sued in her individual and official capacity; MICHAEL SLAGLE, Administrator of Mountain View Correctional Institution, sued in his individual and official capacity; DEXTER GIBBS, Assistant Administrator MVCI, sued in his individual and official capacity; CHRISTOPHER CRAWFORD, Assistant Superintendent of Custody MVCI, sued in his individual and official capacity; ROBERT UHREN, Dr., Physician MVCI, sued in his individual and official capacity; NORMA MELTON, Head Nurse MCVI, sued in her individual and official capacity; JAMIE GRINDSTAFF, Nurse MCVI, sued in her individual and official capacity,

Defendants - Appellees.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Max O. Cogburn, Jr., District Judge.  (1:18-cv-00175-MOC-WCM)

Submitted:  September 14, 2022                     Decided:  September 21, 2022

Before AGEE, WYNN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Ronald Wayne Spann, Appellant Pro Se.  Elizabeth Pharr McCullough, WALKER, ALLEN, GRICE, AMMONS, FOY, KLICK & MCCULLOUGH, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

2

PER CURIAM:

Ronald Wayne Spann, a prisoner at Mountain View Correctional Institution ("Mountain View"), filed a complaint pursuant to 42 U.S.C. § 1983 against Robert Uhren, a physician at Mountain View, as well as other Mountain View employees, alleging Defendants were deliberately indifferent to his medical needs in violation of his Eighth Amendment rights. The district court granted Defendants' motions for summary judgment. On appeal, Spann challenges the district court's denial of his requests for the appointment of counsel and argues that the district court erred in granting summary judgment with respect to his deliberate indifference claim against Uhren. We affirm.

The district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e). We review a district court's denial of a request for counsel for abuse of discretion. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296 (1989). "The power to appoint is a discretionary one, but it is an abuse of discretion to decline to appoint counsel where the case of an indigent plaintiff presents exceptional circumstances. The question of whether such circumstances exist in any particular case hinges on characteristics of the claim and the litigant." *Id.* (citations omitted). "'If it is apparent to the district court that a pro se litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him.'" *Id.* (quoting *Gordon v. Leeke*, 574 F.2d 1147, 1153 (4th Cir. 1978)).

3

In this case, the district court correctly determined that Spann's claims were not complex, and that, although Spann alleged that he was mentally incompetent, he demonstrated the ability to present his claims to the court through his previous filings. As such, we conclude that the district court did not abuse its discretion in denying Spann's requests for the appointment of counsel.

Turning to the deliberate indifference claim, this court "review[s] de novo the district court's order granting summary judgment." *Jacobs v. N.C. Admin. Off. of the Cts.*, 780 F.3d 562, 565 n.1 (4th Cir. 2015). "A district court 'shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* at 568 (quoting Fed. R. Civ. P. 56(a)).

To establish an Eighth Amendment deliberate indifference claim, "the plaintiff is required to prove an objective component and a subjective component." *Gordon v. Schilling*, 937 F.3d 348, 356 (4th Cir. 2019). "That is, the plaintiff must demonstrate that the defendant prison official acted with deliberate indifference (the subjective component) to the plaintiff's serious medical needs (the objective component)." *Id.* (internal quotation marks omitted). "Deliberate indifference is more than mere negligence, but less than acts or omissions done for the very purpose of causing harm or with knowledge that harm will result." *Scinto v. Stansberry*, 841 F.3d 219, 225 (4th Cir. 2016) (alteration and internal quotation marks omitted).

The medical records in this case establish that Uhren provided treatment for Spann's medical needs when Spann's complaints were referred to him, personally examined Spann on multiple occasions, provided recommendations for treatment, and referred Spann to

4

other providers.  Although Spann may have disagreed with the treatment provided by Uhren, such disagreement does not rise to the level of deliberate indifference.  *See Scinto*, 841 F.3d at 225; *see also Farmer v. Brennan*, 511 U.S. 825, 844 (1994); *Estelle v. Gamble*, 429 U.S. 97, 107 (1976).  Therefore, the district court did not err in granting summary judgment to Uhren.

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*